UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY MAYER,
o/b/o DAVID G. MAYER,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
                               /

Civil Action No.
06-CV-14371-DT

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 18);
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 17);
and
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 9)**

This matter is presently before the Court on cross Motions for Summary Judgment. On June 11, 2007, Magistrate Judge Virginia Morgan submitted a Report and Recommendation ("R&R"). The Magistrate Judge recommends that the Court grant Defendant's motion and deny Plaintiff's motion. Plaintiff has filed objections to the Magistrate Judge's R&R. Defendant made no filings in response to the R&R or to Plaintiff's objections.

The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court has reviewed the Magistrate Judge's R&R and the entire administrative record. The Court shall accept and adopt the R&R.

I.   **HISTORY OF THE CASE**

   A.   **FACTUAL BACKGROUND**

In June 2004, David Mayer ("Plaintiff") applied for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] (Tr. 51-53, 366-68.) Plaintiff stated that he had been disabled since September 1, 2003, and that his disabled condition was caused by back surgery, an inability to stand or lift, and problems related to the gall bladder and pancreas. (Id. at 92-93.)

On October 13, 2004, the Social Security Administration ("SSA") denied Plaintiff's applications. (Id. at 31-37, 369-74.) Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Id. at 41.) On April 4, 2006, Plaintiff appeared and testified at a hearing before ALJ Stanley Hogg. (Id. at 386-413.) A vocational expert ("VE") also testified at the hearing.

In May 2006, the ALJ issued a decision denying DIB and SSI to Plaintiff. (Id. at 12-22.) The ALJ found that Plaintiff was not "disabled" as defined in the Social Security Act, and that there were a significant number of jobs which he could perform. (Id.) On June 6, 2006, Plaintiff requested the SSA's Appeals Council to review the ALJ's decision. (Id. at 10.) On September 20, 2006, the Appeals Council denied Plaintiff's request. (Id. at 6-10.) Thus, the ALJ's ruling became Defendant's final decision.

   B.   **PROCEDURAL HISTORY**

On October 4, 2006, Plaintiff filed a Complaint with this Court for review of Defendant's decision, pursuant to 42 U.S.C. § 405(g). Plaintiff and Defendant filed Motions for Summary

---

[1] It should be noted that David Mayer died on January 14, 2007. As such, the Court amended the case caption to include Billy Mayer, who is Plaintiff's mother.

Judgment. On June 11, 2007, Magistrate Judge Morgan issued her R&R. Plaintiff filed a timely objection. Defendant did not file a response.

## II. ANALYSIS OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

When a court reviews an ALJ's denial of DIB and SSI, the court's role is limited to determining whether the denial was supported by substantial evidence, pursuant to Section 405(g). Section 405(g) states that "[the] findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (West Supp. 2005). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health and Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). The ALJ's decision must be upheld even if substantial evidence also would have supported a contrary decision. Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001).

The Magistrate Judge recommends that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment because the ALJ's decision was based on substantial evidence. (R&R, 1.) Plaintiff disagrees, and he raises several objections to the Magistrate Judge's R&R.

First, Plaintiff argues that the ALJ did not sufficiently explain his finding that Plaintiff's allegations were not totally credible. (Pl.'s Objection, 4-5.) However, the Magistrate Judge found that the ALJ only rejected part of Plaintiff's testimony. In particular, the ALJ rejected Plaintiff's testimony about his number of seizures per month; his need to lie down for one to two hours each day; and his medication's side effects of nausea and drowsiness. (R&R, 8.)

The Sixth Circuit has explained that "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). The Sixth Circuit has further explained that the ALJ's assessment must "be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Id. Moreover, when a plaintiff's testimony conflicts with medical reports and other evidence, credibility is a relevant consideration. For instance, a plaintiff's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a).

Here, there is substantial evidence in the record to support the ALJ's credibility determination. For instance, the record does not contain medical reports indicating that Plaintiff suffered *three* seizures per month. Further, the ALJ properly considered Plaintiff's testimony regarding doing housework and taking his son to the park as contradictory to his allegations of disabling pain. See Walters, 127 F.3d at 531-32 (stating that when the record shows "contradictions among the medical reports, claimant's testimony, and other evidence," then an "ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments"); Blacha v. Sec'y of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) ("As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain."). Moreover, the medical reports seem to contradict Plaintiff's assertion that he had to take long breaks to lie down. In fact, a medical consultant prepared a Physical Residual Functional Capacity Assessment ("RFC") that stated that Plaintiff could sit—with normal breaks—for a total of about six hours in an eight-hour workday. (Tr. 349.) Nothing indicates that Plaintiff had to lie down for extended periods of

4

time on a daily basis. Also, Plaintiff seems to have complained once about experiencing "some nausea with the Lorcet." (Id. at 147.) However, Plaintiff's "[m]edications were changed [in August 2005 because of the] side effects from the Lorcet." (Id.) Thus, the Court finds that the ALJ relied on substantial evidence from the record to assess Plaintiff's credibility.

Second, Plaintiff claims that the hypothetical question the ALJ presented to the VE was incomplete because it did not include Plaintiff's mental limitations, as shown by Plaintiff's Mental Residual Functional Capacity Assessment ("MRFC"). (Pl.'s Objection, 8.) In response to the ALJ's hypothetical question, the VE testified at the hearing that there were approximately 7500 jobs in the Detroit area and 15,000 jobs in the State of Michigan that Plaintiff could perform, given his physical limitations. (Id. at 411.) The Sixth Circuit has explained that a VE's testimony in response to a hypothetical question can be considered substantial evidence "if the question accurately portrays [plaintiff's] individual physical and mental impairments." Varley v. Sec'y of Health and Human Servs., 820 F.2d 777, 779 (6th Cir. 1987) (quoting Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984)).

Here, the Court finds that the ALJ's decision to not include Plaintiff's alleged mental limitation was supported by substantial evidence. The medical reports do not suggest that Plaintiff had a mental impairment that would have prevented him from working. In fact, the medical consultant stated that although Plaintiff seems to have "some sign and symptom of depression," he "is able to drive, shop[ ], and make[ ] light meals." (Tr. 345.) Plus, it is questionable whether Plaintiff's assertion of depression in 2004 would have met the duration requirement, as is required by 20 C.F.R. § 416.909. Furthermore, the medical consultant provided the following conclusion: "Considering the evidence in [the] file[,] Claimant seems

capable of doing simple tasks in a regular basis at this pointe (sic)." (Id.) Moreover, the MRFC only listed Plaintiff as "moderately limited" in two categories—"The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and "The ability to accept instructions and respond appropriately to criticism from supervisors." (Id. at 343-44.) As such, the Court finds that the record does not support Plaintiff's assertion that the MRFC shows that he could not perform at a satisfactory level of production. Thus, the Court agrees with the ALJ's decision to not include mental limitations. Therefore, the ALJ's hypothetical question accurately reflected Plaintiff's condition, and the VE's testimony in response to the hypothetical question was properly considered as evidence.

Lastly, Plaintiff objects to the ALJ's conclusion that the election of a conservative treatment program "suggests that his impairments are not as severe as he alleged." (Pl.'s Objection, 3-4.) See R&R at 10 (stating "plaintiff's conservative treatment and his acceptance of that treatment weakens his credibility"). The ALJ seemed to base his conclusion on the fact that after a second lumbar surgery in September 2001, Plaintiff repeatedly decided against undergoing diagnostic testing to evaluate the possibility of a spinal and lumbar fusion. (Tr. 144, 147, 149, 274, 278, 282.)

In this instance, the Court finds Plaintiff's objection to be persuasive, as the Court does not find that Plaintiff's decision to forego a third surgery was detrimental to his credibility. Use of medication and other treatment is evidence the ALJ may use in evaluating the intensity and persistence of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)(iv)-(v). However, when a claimant chooses not to pursue a treatment, the ALJ should also take into account the claimant's reason for the decision. Soc. Sec. Ruling 96-7p, 1996 WL 374186, *7 (July 2, 1996). Social

Security Ruling 96-7p states that a possible explanation for the failure to pursue treatment is that "[t]he individual may be unable to afford treatment and may not have access to free or low-cost medical services." Id. at *8. See also McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990) (stating "the Secretary must determine if there is an affordable treatment available to [plaintiff] that would prevent the disability from being a severe impairment").

Here, the record indicates that Plaintiff may have been interested in a third surgery, but he continued to decline testing because he did not have sufficient financial resources or medical insurance. (Tr. 144, 147, 149, 274, 278, 282, 286.) Furthermore, the Eastern District of Michigan has held that a claimant does not need to submit to a certain number of surgeries "to prove that he has chronic and intractable back pain." Stennett v. Comm'r of Soc. Sec., 476 F. Supp. 2d 665, 672 (E.D. Mich. 2007). Thus, the Court finds that Plaintiff's pursuit of a conservative non-surgical treatment plan did not damage his credibility. Nevertheless, given the substantial evidence and the other bases for the ALJ's credibility determination, the Court will uphold the ALJ's decision.

In sum, the Court finds that the ALJ's decision to deny DIB and SSI to Plaintiff was supported by substantial evidence. While the Court agrees that the ALJ should not have considered Plaintiff's election of conservative treatment in its credibility determination, the Court finds that additional evidence exists to support the ALJ's conclusion that Plaintiff's allegations were not entirely credible. Further, the ALJ's hypothetical question provided an accurate and complete depiction of Plaintiff's limitations. As such, the VE's testimony was properly considered as evidence supporting the denial of benefits. Therefore, the Court finds that the ALJ relied upon substantial evidence to support his decision.

## III. CONCLUSION

For the reasons stated above, the Court will accept and adopt the Magistrate Judge's recommendation. Accordingly,

IT IS ORDERED that Magistrate Judge Morgan's Report and Recommendation of June 11, 2007, is accepted and adopted.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed with prejudice.

_____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: July 27, 2007
Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman